MOON BROS. CARRIAGE COMPANY ET AL. v. WAXAHACHIE GRAIN & IMPLEMENT COMPANY.

Application No. 1064.—Decided May 14, 1896.

**Insolvent Corporation—Attachment.**

Where a corporation, though insolvent when an attachment issued against its property, had not ceased to carry on its business in the usual course of trade, it had not reached the point where the property of the corporation could be deemed a trust fund for the benefit of all its creditors alike, and the attaching creditor obtained a preference.

APPLICATION for writ of error to Court of Civil Appeals for Fourth District, in an appeal from Ellis County.

Suit was brought by Moon Bros. Carriage Company and various other creditors of the Waxahachie Grain and Implement Company and was in the nature of a creditor's bill to secure a pro rata distribution of the assets of that insolvent corporation. The Citizens' National Bank, an attaching creditor, was made a defendant, and plaintiffs prosecuted an appeal from a judgment of the trial court which gave that attachment preference over their claims and which was affirmed by the Court of Civil Appeals.

In the petition for writ of error it was alleged: "That the Court of Civil Appeals erred in its opinion wherein it held the law to be that, when.

an insolvent corporation is so circumstanced that its early cessation from business must result, it may be proceeded against by attachment of its property, and that the attachment lien of the plaintiff in attachment was superior to the rights of other creditors of said Waxahachie Grain and Implement Co. to pro rate the assets and effects of said insolvent corporation as a trust fund. * * * Said court erred in failing to find that said company had in fact and in law ceased to be a "going concern" at the time of the attachment, from the following facts: * * * "The balance was all paid in and was taken up by J. P. Dunlap and myself along as the corporation had money to pay for it, except the J. B. Meredith stock. * * * All of said stock was taken up and the parties paid back their original money with proceeds of said corporation * * * The directory of said corporation did not meet after said stock was purchased or taken up; as each party and director parted with his stock he ceased all connection with said corporation. This was all prior to 1891, except that Dunlap parted with his stock in 1891."

*F. P. Powell, Skinner & Hawkins, C. M. Suffle,* and *W. L. Harding,* for application.

GAINES, CHIEF JUSTICE.—In the case of the Orr and Lindsay Shoe Company against R. H. Thompson, recently decided, we held that, after a corporation becomes insolvent and ceases to carry on its business, creditors cannot acquire a preference lien upon the assets by attachment or other judicial process. There are expressions in the opinion of the Court of Civil Appeals in the present case which conflict with this view. But we are of opinion that the case was correctly decided and therefore the writ of error must be refused. The corporation in question in this case, though insolvent when the attachment issued, had not ceased to carry on its business in the usual course of trade; and, in our opinion, the point had not then been reached when the property of the corporation could be deemed a trust fund for the benefit of all its creditors alike.

The application for the writ of error is refused.

*Writ of error refused.*