J. ZORN, TRUSTEE, v. T. D. BROOKS ET AL.

No. 6392. Decided June 26, 1935.
Rehearing overruled October 2, 1935.
(83 S. W., 2d Series, 949.)

*W. D. Gordon* and *E. E. Easterling*, both of Beaumont, for plaintiff in error.

A corporation in the sale of its land must act through its board of directors, and a deed made only by its executive officials is insufficient unless authority to make same is shown. Fitzhugh v. Franco-Texas Land Co., 81 Texas, 306, 16 S. W., 1078; Franco-Texas Land Co. v. McCormick, 85 Texas, 416, 23 S. W., 123; Tempel v. Dodge, 89 Texas, 69, 32 S. W., 514.

*King & Jackson, Howth, Adams & Hart, S. M. King, John C. Jackson, A. Milton Vance*, all of Beaumont, *John W. Stayton, Black & Graves*, and *Charles L. Black*, all of Austin, for defendants in error.

A deed executed by a corporation to its president in the form and manner required by law is valid, when the execution is authorized and consented to by all of the stockholders and directors of the corporation at a meeting held after due notice, the corporation receiving a valuable and adequate consideration therefor and the stockholders and directors acquiescing in the conveyance for a period of over six years and permitting the four years statute of limitation to run before instituting suit to set it aside. Aransas Pass Harbor Co. v. Manning, 94 Texas, 558, 63 S. W., 627; Taylor Feed Pen Co. v. Taylor Natl. Bank, 181 S. W., 534; Coppard v. Farmer's & Merchants Bank, 184

S. W., 551; Fort Worth Pub. Co. v. Hitson & Reed, 80 Texas, 228; 14 S. W., 843.

An insolvent corporation still transacting its business in the usual way may prefer one of its creditors, Moon Bros. v. Waxahachie Grain & Imp. Co., 89 Texas, 511; Orr & Lindsley Shoe Co. v. Thompson, 89 Texas, 501; A. B. Frank Co. v. Berwind, 47 S. W., 681, writ refused; Mallette v. Fort Worth Pharmacy Co., 21 Texas Civ. App., 267, 51 S. W., 859, writ refused.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

A statement of the history and general nature of this litigation may be had by referring to three opinions of the Court of Civil Appeals, Brooks v. Cherry, 298 S. W., 170; Brooks v. Zorn, 24 S. W. (2d) 742, and Brooks v. Zorn, 53 S. W. (2d) 99.

On February 9, 1921, Brooks Supply Company, a private corporation, was engaged in the business of selling oil well supplies in the City of Beaumont. On that date it caused to be executed and delivered a deed of conveyance to its president, T. D. Brooks, of all of Block 4 of the Crary Addition to the City of Beaumont. The deed was executed on behalf of the corporation by its president, T. D. Brooks, and its Secretary, H. W. Gardner. After having sold certain lots out of this block to other persons, Brooks, in August, 1924, conveyed the remainder thereof to his wife, Mrs. Pearl Brooks. On March 1, 1927, the corporation was adjudged a bankrupt.

This suit is being prosecuted by J. Zorn, Jr., trustee in bankruptcy, against Mrs. Pearl Brooks individually and as independent executrix under the will of her deceased husband, T. D. Brooks, for the recovery of the unsold part of this land, for rents and for the purchase money realized by her and her deceased husband from the sale of parts thereof. In the trial court judgment was rendered for the trustee, which judgment was reversed by the Court of Civil Appeals, 53 S. W. (2d) 99, and judgment there rendered that he take nothing.

Learned counsel differ widely as to the facts established in the trial court, which has necessitated a careful consideration of the entire record. From the fact findings of the jury made in response to special issues and the undisputed evidence we deduce the following conclusions, which are made the basis of our decision:

Pursuant to notices previously given, a meeting was held

by the stockholders and directors of the corporation at the Texas National Bank in Beaumont on February 9, 1921, the date the deed was executed. By these notices the stockholders and directors were informed that the purpose of the meeting was to determine the advisability of conveying the property to Brooks. The deed had theretofore been prepared and submitted to the stockholders and directors and those present at the meeting had read and understood its contents. The consideration recited in the deed was $12,000.00 cash, but the directors and stockholders knew that, in fact, the true consideration was a debit entered on the books of the company against Brooks, to whom the company at that time was indebted in excess of $12,-000.00. At the time of the execution of the deed each of the stockholders and directors present at the meeting had full knowledge of all the facts and circumstances surrounding its execution. No formal resolution was prepared authorizing and directing the execution of the deed, but its execution was informally authorized and directed by the stockholders and directors. All of the stockholders and directors attended this meeting except Mrs. Carrie Little, and she, both prior thereto and later, with full knowledge of the facts, consented thereto and acquiesced therein. The corporation at the time the deed was executed was a solvent, going concern. At least, there is neither allegation nor proof of its insolvency.

We employ the language of counsel for plaintiff in error as to the exact nature of the suit and the theory upon which recovery was sought and had in the trial court.

"This is not a suit by stockholders to cancel a deed and recover damages. It is not a suit by creditors to cancel a deed and to recover damages. It is not a suit by the trustee in bankruptcy to cancel the deed to Block 4, Crary Addition, or any part thereof. It is not a suit based upon allegations whereby the jurisdiction of a court of equity is invoked to annul a corporation's act or transfer of its property.

\* \* \* \* \*

"We here state that this is a suit by the Brooks Supply Company, now in bankruptcy, acting through the agency and representation of the trustee in bankruptcy, to recover its assets, consisting of what is left unsold of Block 4 of the Crary Addition, and the money that has found its way into the pockets of the appellants for portions of Block 4, which they secured from third parties under the forms of transfers of this corporation's property to such third parties; first, to the corporation's president, T. D. Brooks, thence to his wife for love and

affection, thence to third parties who paid the cash value thereof, relying upon the faith of a good transfer, purporting to be from this corporation to the Brooks."

The application for writ of error places emphasis on the fact that the case is not one seeking equitable relief, but that it is a legal action to recover the property, upon the theory that it passed to the trustee in bankrupcy as a part of the estate of the bankrupt, by reason of the fact that the deed to Brooks was absoluely void. It is frankly admitted that, if the deed was a voidable act of the corporation rather than an absolute nullity, the judgment of the Court of Civil Appeals should be affirmed.

1   No sound reason can be perceived for declaring a deed from a corporation to its president void. When its jurisdiction is invoked for that purpose, a court of equity will carefully scrutinize the transaction, but, if upon a hearing the facts make it clear that a full disclosure was made and no taint of fraud is discovered, it will be upheld as a valid deed. The adoption of a general rule declaring all such instruments void would deny to corporations and their stockholders the right to enforce them even though it should be to their interest to do so. In the instant case, had Brooks promised to pay $12,000.00 for this property and had failed to make such payment, the rule insisted upon would take from the corporation the right to enforce the promise.

The authorities generally are in complete accord in declaring that a contract between a corporation and one or all of its officers and directors is not void per se, but that it may be avoided for unfairness or fraud. 14a C. J., p. 118, Sec. 1887; Cook on Corporations, 7th Ed., Vol. 3, Sec. 649, p. 2020; Fletcher on Corporations, Vol.3, Sec. 917; Machen, Modern Law of Corporations, Vol. 2, Sec. 1570. This is the settled rule in Texas. Tenison v. Patton, 95 Texas, 284, 67 S. W., 92; Nabours v. McCord, 97 Texas, 526, 80 S. W., 595; Davis v. Nueces Valley Irrigation Co., 103 Texas, 243, 126 S. W., 4; Howe v. Wichita State Bank & Trust Co., 242 S. W., 1091; McClendon Hardware Co. v. Black, 264 S. W., 1011; Phil H. Pierce Co. v. Rude, 291 S. W., 974; Pruitt v. Westbrook, 11 S. W. (2d) 562; 11 Tex. Jur., Sec. 374, pp. 25 and 26.

2   It is urged that the transaction amounted to a preference of creditors and was therefore a nullity. The argument is that a corporation, unlike an individual, has no power under its charter and under the statutes to prefer a creditor. This

is the rule in some jurisdictions, but in this State, a corporation, even though insolvent, which is still transacting its business in the usual way, may prefer one of its creditors. Moon Bros. v. Waxahachie Grain & Implement Co., 89 Texas, 511, 35 S. W., 1047; American National Bank v. Dallas Tinware Mfg. Co., 15 Texas Civ. App., 631, 39 S. W., 955 (Writ Denied); Mallette v. Ft. Worth Pharmacy Co., 21 Texas Civ. App., 267, 51 S. W., 859 (Writ Ref.). And the fact that the creditor is one of its officers does not work an exception to the rule. A. B. Frank Co. v. Berwind, 47 S. W., 681 (Writ Ref.); McCormick v. Cornell & Wardlaw, 193 S. W., 1083.

3  The record does not present a case where the president of a corporation made an unauthorized deed of its property to himself. When all of the stockholders authorize a conveyance by a corporation, the corporation itself has acted and the conveyance is valid. It is not made to appear that the corporation was insolvent when the deed was executed or that there was then in existence any debt now owing by it. No action would therefore lie by or on behalf of creditors, for their interests were not adversely affected by the conveyance. Who, then can complain of the transaction? Obviously the stockholders themselves cannot do so. Neither can the corporation, for it is but an artificial being, the ultimate determination of the affairs of which rests with its stockholders. In the last analysis, they are the beneficial owners of the corporation's assets. This question was set at rest by this Court in Aransas Pass Harbor Co. v. Manning, 94 Texas, 558, 63 S. W., 627.

The judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by Supreme Court June 26, 1935.

Rehearing overruled October 2, 1935.