## LANDA v. WHITFIELD.
### No. 10542.

Court of Civil Appeals of Texas.
San Antonio.

June 21, 1939.

Rehearing Denied Aug. 9, 1939.

Johnson & Rogers, of San Antonio, for appellant.

Mueller & Green, of San Antonio, for appellees.

SMITH, Chief Justice.

This action was brought by G. D. Whitfield, receiver of Adams Company, a corporation, against M. A. Keller and Harry Landa, to recover the sum of $25,000. Upon a jury trial Whitfield recovered the

sum sued for with interest, from both Keller and Landa, jointly and severally. Landa alone has appealed.

Adams Company, capitalized at $40,000, was organized in 1906 and operated a general store in the town of Devine, in Medina County, until it was closed in November, 1937, by the receiver, who was appointed in March, 1937.

At the inception of the transaction here under inquiry, and for many years before, the capital stock of the corporation was owned as follows: Appellant, Harry Landa, a corporate director, owned $25,000; L. F. Price, $10,000; M. A. Keller, director, president and treasurer, $5,000. It is true, but apparently immaterial to this inquiry, that at the time in question two employees of the corporation, and one of Landa, all serving as corporate directors, each supposedly held, but did not in fact own or possess, a qualifying share of stock. Owning no stock, they were prohibited by the corporate charter from acting as directors.

In March, 1936, Keller purchased all of Landa's stock at par, paying him therefor by checks upon the corporate accounts in banks at Pearsall, Lytle and San Antonio, over a period ending in August, 1936. As Keller thus drew upon the corporation funds he charged the amounts of the withdrawals against himself on the books of the corporation. Later in the year Keller also purchased all of Price's stock in the corporation, at 140, or $14,000 for stock of the par value of $10,000. He paid Price for that stock as he had paid Landa, by checks upon the corporation's bank accounts, and, as before, charged the amounts against himself on the company's books.

By these processes, and by November, 1936, Keller had become and thenceforth remained the sole owner of all the capital stock of the corporation. The business of the corporation was continued under Keller's ownership and management. It aggregated something like half a million dollars in the year 1936, in which Keller acquired all the stock in the corporation, and at the end of that year it distributed a 10% dividend to its lone stockholder, Keller, and $2000 in bonuses to its employees. From December 4, 1936 (several months after Keller purchased Landa's stock), to March 16, 1937 (when the receiver was appointed), its deposits and withdrawals from the Alamo National Bank of San Antonio, its principal depository, approximated $300,000. So that, whatever may be said of the legality of the transaction by which Keller acquired Landa's stock, it did not affect the solvency of the business, which remained solvent and continued its operations as a going concern.

However, on March 31, 1937, Keller being still the owner of all of said stock, four individuals and Alamo National Bank of San Antonio, claiming to be creditors of the corporation, filed their petition in a District Court of Bexar County, praying that a receiver be appointed for the corporation, upon allegation, in effect, that although the corporation was solvent, with only $175,000 liabilities as against $300,000 assets, it was nevertheless in imminent danger of becoming insolvent, unless placed in receivership; that under receivership the corporation's property "can be preserved, administered and liquidated, in whole or in part as may appear necessary, in an orderly manner and a reasonable time, for prices and amounts sufficient to pay in full the just claims of all creditors and probably leave a substantial equity for the stockholders."

On the same day an attorney purporting to act for the corporation filed answer for it, admitting as true the facts alleged, waiving service and agreeing to the appointment of a receiver as prayed for, and, again on the same day, the court appointed appellee as receiver, it being recited in the order therefor that

"It appearing to the Court that Defendant is solvent but is unable to meet its current obligations as they are presented, and is in imminent danger of insolvency * * *, and that the appointment of a receiver will make possible an orderly liquidation which will probably permit the payment of all liabilities; and

"It further appearing that such orderly liquidation can best be attained by the continuation of the business of Defendant by such receiver as a going concern; and that for all these reasons the appointment of a receiver with full powers as set out below is justified and proper, and for the best interests of all parties; * * *."

The receiver took over the affairs of the corporation and continued to operate its business as an admittedly solvent and going concern until sometime in November, 1937, when he discontinued active operations.

In the meantime, however, on August 28, 1937, appellee as receiver brought this

suit in behalf of the corporation to recover of both Keller and Landa the amount the former had paid the latter for his shares of the corporate stock. The receiver rested his cause, and recovered, upon the contention that Keller's use of corporate funds with which to purchase Landa's stock was without the knowledge or approval of the board of directors, as such, consisting of Landa, Keller and the three "dummy" directors, and was therefore illegal and a conversion of the corporate funds.

Keller did not resist the suit, but Landa, denying knowledge that Keller had paid him out of corporate funds, defended upon the ground that the corporation, being a solvent and going concern at the time and for eighteen months thereafter, and not yet shown to be insolvent; and the questioned act having been committed by and with the present knowledge and subsequent ratification of the owners and holders of all its capital stock, the corporation, or the receiver suing in its behalf, had no cause of action against Landa.

■ As a practical matter the suit is one in equity, partaking somewhat of the nature of an action for accounting. It rests upon the theory that Keller and Landa converted funds of the corporation to their own uses, wherefore, they must make restitution to the corporation.

It is not a suit at law to recover or protect title to specific property belonging to the corporation.

The distinction between the suit in equity on the one hand and at law on the other is important, and, in cases of this character, controlling.

■ For, while a corporation (in this case acting through a receiver) may maintain a suit in its own behalf as a legal entity to protect or recover title to property, it can maintain a suit in equity only as the representative of its stockholders. So that, if its stockholders are themselves not entitled to equitable relief, they cannot obtain such relief through the corporation or in its name, whether the action be brought directly by the corporation or by a receiver or trustee in its name. Home Fire Ins. Co. v. Barber, 67 Neb. 644, 93 N.W. 1024, 1032, 60 L.R.A. 927, 108 Am. St.Rep. 716, and authorities there cited. In that case it was said by Commissioner Roscoe Pound, for the Supreme Court of Nebraska, after announcing the above rules: "It would be a reproach to courts of equity if this were not so. If a court of equity could not look behind the corporation to the shareholders, who are the real and substantial beneficiaries, and ascertain whether these ultimate beneficiaries of the relief it is asked to grant have any standing to demand it, the maxim that equity looks to the substance, and not the form, would be very much limited in its application. 'It is the province and delight of equity to brush away mere forms of law.' Post, J., in Fitzgerald v. Fitzgerald & Mallory Construction Co., 44 Neb. 463, 492, 62 N.W. 899. Nowhere is it more necessary for courts of equity to adhere steadfastly to this maxim, and avoid the danger of allowing their remedies to be abused, by penetrating all legal fictions and disguises, than in the complex relations growing out of corporate affairs. Accordingly, courts and text-writers have been in entire agreement that equity will look behind the corporate entity, and consider who are the real and substantial parties in interest, whenever it becomes necessary to do so to promote justice or obviate inequitable results."

■ And, quoting further from Judge Pound:

"When the corporation comes into equity and seeks equitable relief, we ought to look at the substance of the proceeding, and if the beneficiaries of the judgment sought have no standing in equity to recover, we ought not to become befogged by the fiction of corporate individuality, and apply the principles of equity to reach an inequitable result.

"Hence, we think the rule to apply to such cases is this: Where. a corporation is proceeding at law, or where it is asserting a title to property, or the title to property is involved, the corporation is regarded as a person separate and distinct from its stockholders, or any or all of them. But where it is proceeding in equity to assert rights of an equitable nature, or is seeking relief upon rules or principles of equity, the court of equity will not forget that the stockholders are the real and substantial beneficiaries of a recovery, and if the stockholders have no standing in equity, and are not equitably entitled to the remedy sought to be enforced by the corporation in their behalf and for their advantage, the corporation will not be permitted to

recover. This rule finds many illustrations in the authorities."

In applying those rules to the case made here, and for the purposes of this decision, we will assume appellee's position that in the transaction under inquiry both Keller and Landa together committed a legal fraud upon the corporation, or at least a technical fraud.

▮▮ The fraud, however, did not then or thereafter result in the insolvency of the corporation (Lyons-Thomas Hardware Co. v. Mfg. Co. 86 Tex. 143, 24 S.W. 16, 22 L.R.A. 802; Temple Lumber Co. v. Pineland Naval Stores Co., Tex.Civ.App., 25 S.W.2d 675), so as to authorize its existing creditors to intervene, directly or through a receiver or otherwise, and compel restitution. Nor could such authority to intervene in any event inure to subsequent creditors any more than to subsequent purchasers of the corporate stock. Home Fire Ins. Co. v. Barber, supra; Graham v. La Crosse & M. R. Co., 102 U.S. 148, 26 L.Ed. 106.

Therefore, in this suit in equity brought by the receiver in behalf of the corporation to enforce an equitable claim against Landa, the real beneficiary of the recovery was the sole owner of all the capital stock of the corporation, to-wit, M. A. Keller—Keller, who connived at and participated in and appropriated the fruits of the fraud; who afterwards with guilty knowledge ratified and accepted the consequences of the fraud by purchasing all the remaining stock of the corporation, leaving no one but himself to complain of his own fraud; leaving not even then current creditors to complain, since the corporation survived and continued its operations as a solvent going concern.

▮ Under this state of facts both the corporation, as well as its alter ego, Keller, are estopped to complain or question the legality of the transaction by which Keller bought Landa's stock with corporate funds, and no others being aggrieved, no others may complain. For, in such suit, and as a general rule, for that matter, "whatever will estop the stockholders will estop the corporation, and whatever will estop the corporation will estop the stockholders." Thompson Corporations, § 5269; Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 63 S.W. 627; Zorn v. Brooks, 125 Tex. 614, 83 S.W.2d 949; Lybrand v. Miller-Lybrand Co., Tex.Civ.App., 75 S.W.2d 286; Phil H. Pierce Co. v. Rude, Tex.Civ.App., 291 S.W. 974.

We see no occasion to further extend this discussion.

The judgment as against Landa will be reversed, and as it appears the case was thoroughly developed below in all its phases, judgment will be here rendered that appellee take nothing by reason of his suit against Landa, and pay all costs. As against Keller, who has not appealed, the judgment will be affirmed.

Affirmed in part; in part reversed and rendered.

SLATTON, J., did not participate in the decision of this case.