TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-96-00057-CV






Dr. Carlton E. Newman, Appellant



v.



Bobbi-Anne Toy, Appellee






FROM THE COUNTY COURT AT LAW NO. 1 OF TRAVIS COUNTY


NO. 223,551, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING







 Carlton E. Newman appeals from a post-judgment order of the trial court. We will
modify the order and affirm it as modified.



THE CONTROVERSY


 Bobbi-Anne Toy obtained a final judgment against Newman in the principal amount
of $45,500. On her post-judgment motion, the trial court appointed a receiver and ordered as
follows: (1) that Newman deliver to the receiver all of Newman's shares of capital stock in Dr.
Carlton Newman, Podiatric Physician, Professional Corporation, together with certain monthly
receipts and a monthly accounting for Newman's income and expenses; (2) that the receiver pay
the corporation's expenses and deliver any balance to Toy in satisfaction of her judgment pro
tanto; and (3) that the receiver sell the shares of capital stock if able to do so and retain the
proceeds for distribution as ordered by the court. See Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002(b)(3) (West 1986 & Supp. 1996) ("Collection of Judgment Through Court Proceeding"
or the "turnover statute"); Texas Professional Corporation Act, Tex. Rev. Civ. Stat. Ann. art. 1528e (West 1980 & Supp. 1996) (the "Act"); Tex. R. Civ. P. 308 ("The court shall
cause its judgments . . . to be carried into execution."). Newman contends the order amounts to
an abuse of discretion. See Beaumont Bank, N.A. v. Buller, 806 S.W.2d 223, 226 (Tex. 1991).



DISCUSSION AND HOLDINGS


 In points of error one and two, Newman contends the trial-court order is legally
erroneous because it purports to bring into court custody the corporation's monthly receipts, when
the sole "judgment debtor" is Newman, and to authorize application of the corporation's receipts
toward Newman's personal debt.

 Under the turnover statute, the court may bring into its custody the property of a
judgment debtor, provided the property cannot readily be attached or levied on by ordinary legal
process and "is not exempt from attachment, execution, or seizure for the satisfaction of
liabilities." Turnover statute § 31.002(a). It is clear from the record that the professional
corporation is not a judgment debtor. The corporation was not even chartered until immediately
after rendition of judgment in the cause. In legal contemplation, a corporation is, of course, an
autonomous legal entity separate and distinct from its shareholders. See Act, art. 1528e, § 7; Ex
parte Chambers, 898 S.W.2d 257, 260 (Tex. 1995). This does not mean, however, that we must
reverse the trial-court order. In the absence of findings of fact made by the trial court, we must
sustain its order on any legal theory shown in the evidence.

 The evidence is undisputed that Newman is the sole shareholder in the professional
corporation. A sole shareholder or all shareholders acting in agreement, being all the beneficial
owners of corporate property, may themselves deal with such property so long as the rights of
creditors are not prejudiced, notwithstanding a charter, by-law, or statutory provision that places
the power of management in a board of directors or requires formal action by them, and the
corporation itself will not be heard to complain. 5 Charles R. P. Keating & J. Jeffery Reinholtz,
Fletcher Cyclopedia of the Law of Private Corporations § 2099 (1987) ("In the case of a one-man
corporation, if there has been action by a stockholder in conveying corporate property, approving
a mortgage or deed of trust, or an employment contract, or signing checks, only creditors are in
a position to complain of the want of proper action by the board of directors."); see also Zorn v.
Brooks, 83 S.W.2d 949, 951 (Tex. 1935); Aransas Pass Harbor Co. v. Manning, 63 S.W. 627,
629 (Tex. 1901); Canion v. Texas Cycle Supply, Inc., 537 S.W.2d 510, 514 (Tex. Civ.
App.--Austin 1976, writ ref'd n.r.e.); Allen v. Wilkerson, 396 S.W.2d 493, 503 (Tex. Civ.
App.--Austin 1965, writ ref'd n.r.e.).

 As sole shareholder, Newman might deal as he wishes with the corporation's
monthly receipts and any of its other property, and the corporation itself, as a separate legal
entity, will not be heard to complain. On transfer of all of Newman's shares to the receiver, the
latter succeeds to Newman's rights and powers as sole shareholder except as limited or qualified
by the terms of the trial-court order or the receivership statute. See Tex. Civ. Prac. & Rem. Code
Ann. § 64.001-.092 (West 1986 & Supp. 1996); Ex parte Hodges, 625 S.W.2d 304, 306 (Tex.
1981). Newman does not complain of that part of the order transferring to the receiver his shares
in the professional corporation. We hold therefore that neither Newman (because he is the
judgment debtor) nor the corporation may complain of the provision in the order that requires
delivery of the corporation's monthly receipts to the receiver. Our view is not altered by the
statutory requirement that shareholders in the corporation must hold a podiatrist's license. See
Act, art. 1528e, § 12. This police-power regulation was enacted for the protection of the public. 
We do not believe it was intended to restrict the power of a district court in receivership
proceedings authorized by the turnover statute. The Act and the turnover statute must be
construed in harmony so that each has its intended effect so far as possible. This principle
necessarily requires, on the other hand, that the receiver's sale of the shares comply with section
12 of the Act. See 75 C.J.S. Receivers § 228 (1952) (court's order to sell property in receivership
is discretionary within statutory limits).

 We overrule points of error one and two. Consequently, we do not reach Toy's
cross point challenging Newman's "standing" to raise the corporation's complaint relative to its
property being subjected to the receivership proceeding.

 The trial-court order directs that Newman deliver monthly to the receiver "all
receipts of money or other negotiable tender [sic] obtained by Dr. Newman in his capacity as sole
shareholder, officer, or agent of" the corporation "or from any other source, including his
independent work as a sole proprietor." In points of error three and four, Newman complains
there is no evidence that he receives any sums from a sole proprietorship and, in all events, the
order omits to identify specifically such property. We agree and therefore sustain points of error
three and four.

 We interpret the order as follows: Newman is ordered to deliver to the receiver
monthly, as directed in the order, all money and payments received by him for the corporation. 
This does not, of course, require delivery of the salary paid him by the corporation. We modify
the order by deleting the requirement that Newman deliver to the receiver sums received "from
any other source, including his independent work as a sole proprietor." Any receipts that come
into Newman's hands apart from those received for the corporation may, of course, be the subject
of a future proceeding by way of garnishment or other proper process. See Thomas v. Thomas,
917 S.W.2d 425, 434 (Tex. App.--Waco 1996, no writ); Bergman v. Bergman, 828 S.W.2d 555,
557 (Tex. App.--El Paso 1992, no writ).

 The trial-court order requires that Newman file monthly with the court "a sworn,
detailed monthly accounting of [his] income and expenses, and of the existence of any deferred
or unpaid income to which [he] is entitled." In Newman's fifth point of error, he contends this
provision is not supported by the pleadings and exceeds the scope of relief allowed by the turnover
statute. We disagree. Toy's motion requested such relief in almost the exact terms of the order. 
We believe, moreover, that the requirement is supported by the evidence, which includes
Newman's testimony that he did not intend to pay the judgment because he had no assets, and
comes within the scope of the turnover statute because the trial court could reasonably conclude
that the requirement was necessary to effectuate the other provisions of the order. We overrule
point of error five.

 As modified above, we affirm the trial-court order.





 

 John Powers, Justices

Before Justices Powers, Jones and Kidd

Modified and, as Modified, Affirmed

Filed: July 17, 1996

Publish