**Dr. Carlton E. NEWMAN, Appellant,**

v.

**Bobbi–Anne TOY, Appellee.**

No. 03–96–00057–CV.

Court of Appeals of Texas, Austin.

July 17, 1996.

Rehearing Overruled Aug. 28, 1996.

Jessie A. Amos, Brown, McCarroll and Oaks Hartline, Austin, for Appellant.

Kevin Madison, Christopher Carver, Law Offices of Kevin Madison, P.C., Austin, for Appellee.

Before POWERS, JONES and KIDD, JJ.

POWERS, Justice.

Carlton E. Newman appeals from a post-judgment order of the trial court. We will modify the order and affirm it as modified.

## THE CONTROVERSY

Bobbi-Anne Toy obtained a final judgment against Newman in the principal amount of $45,500. On her post-judgment motion, the trial court appointed a receiver and ordered as follows: (1) that Newman deliver to the receiver all of Newman's shares of capital stock in Dr. Carlton Newman, Podiatric Physician, Professional Corporation, together with certain monthly receipts and a monthly accounting for Newman's income and expenses; (2) that the receiver pay the corporation's expenses and deliver any balance to Toy in satisfaction of her judgment *pro tanto;* and (3) that the receiver sell the shares of capital stock if able to do so and retain the proceeds for distribution as ordered by the court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 31.002(b)(3) (West 1986 & Supp.1996) ("Collection of Judgment Through Court Proceeding" or the "turnover statute"); Texas Professional Corporation Act, Tex.Rev. Civ. Stat. Ann. art. 1528e (West 1980 & Supp.1996) (the "Act"); Tex.R. Civ. P. 308 ("The court shall cause its judgments . . . to be carried into execution."). Newman contends the order amounts to an abuse of discretion. *See Beaumont Bank, N.A. v. Buller,* 806 S.W.2d 223, 226 (Tex.1991).

## DISCUSSION AND HOLDINGS

In points of error one and two, Newman contends the trial-court order is legally erroneous because it purports to bring into court custody the corporation's monthly receipts, when the sole "judgment debtor" is Newman, and to authorize application of the corpora-

tion's receipts toward Newman's personal debt.

Under the turnover statute, the court may bring into its custody the *property of a judgment debtor,* provided the property cannot readily be attached or levied on by ordinary legal process and "is not exempt from attachment, execution, or seizure for the satisfaction of liabilities." Turnover statute § 31.002(a). It is clear from the record that the professional corporation is not a judgment debtor. The corporation was not even chartered until immediately after rendition of judgment in the cause. In legal contemplation, a corporation is, of course, an autonomous legal entity separate and distinct from its shareholders. *See* Act, art. 1528e, § 7; *Ex parte Chambers,* 898 S.W.2d 257, 260 (Tex.1995). This does not mean, however, that we must reverse the trial-court order. In the absence of findings of fact made by the trial court, we must sustain its order on any legal theory shown in the evidence.

■ The evidence is undisputed that Newman is the *sole* shareholder in the professional corporation. A sole shareholder or all shareholders acting in agreement, being all the beneficial owners of corporate property, may themselves deal with such property so long as the rights of creditors are not prejudiced, notwithstanding a charter, by-law, or statutory provision that places the power of management in a board of directors or requires formal action by them, and the corporation itself will not be heard to complain. 5 Charles R.P. Keating & J. Jeffery Reinholtz, *Fletcher Cyclopedia of the Law of Private Corporations* § 2099 (1987) ("In the case of a one-man corporation, if there has been action by a stockholder in conveying corporate property, approving a mortgage or deed of trust, or an employment contract, or signing checks, only creditors are in a position to complain of the want of proper action by the board of directors."); *see also Zorn v. Brooks,* 125 Tex. 614, 83 S.W.2d 949, 951 (1935); *Aransas Pass Harbor Co. v. Manning,* 94 Tex. 558, 63 S.W. 627, 629 (1901); *Canion v. Texas Cycle Supply, Inc.,* 537 S.W.2d 510, 514 (Tex.Civ.App.—Austin 1976, writ ref'd n.r.e.); *Allen v. Wilkerson,* 396 S.W.2d 493, 503 (Tex.Civ.App.—Austin 1965, writ ref'd n.r.e.).

■ As sole shareholder, Newman might deal as he wishes with the corporation's monthly receipts and any of its other property, and the corporation itself, as a separate legal entity, will not be heard to complain. On transfer of all of Newman's shares to the receiver, the latter succeeds to Newman's rights and powers as sole shareholder except as limited or qualified by the terms of the trial-court order or the receivership statute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 64.001–.092 (West 1986 & Supp.1996); *Ex parte Hodges,* 625 S.W.2d 304, 306 (Tex. 1981). Newman does not complain of that part of the order transferring to the receiver his shares in the professional corporation. We hold therefore that neither Newman (because he is the judgment debtor) nor the corporation may complain of the provision in the order that requires delivery of the corporation's monthly receipts to the receiver. Our view is not altered by the statutory requirement that shareholders in the corporation must hold a podiatrist's license. *See* Act, art. 1528e, § 12. This police-power regulation was enacted for the protection of the public. We do not believe it was intended to restrict the power of a district court in receivership proceedings authorized by the turnover statute. The Act and the turnover statute must be construed in harmony so that each has its intended effect so far as possible. This principle necessarily requires, on the other hand, that the receiver's sale of the shares comply with section 12 of the Act. *See* 75 C.J.S. *Receivers* § 228 (1952) (court's order to sell property in receivership is discretionary within statutory limits).

We overrule points of error one and two. Consequently, we do not reach Toy's cross point challenging Newman's "standing" to raise the corporation's complaint relative to its property being subjected to the receivership proceeding.

■ The trial-court order directs that Newman deliver monthly to the receiver "all receipts of money or other negotiable tender [sic] obtained by Dr. Newman in his capacity as sole shareholder, officer, or agent of" the corporation "or from any other source, including his independent work as a sole pro-

prietor." In points of error three and four, Newman complains there is no evidence that he receives any sums from a sole proprietorship and, in all events, the order omits to identify specifically such property. We agree and therefore sustain points of error three and four.

We interpret the order as follows: Newman is ordered to deliver to the receiver monthly, as directed in the order, all money and payments received by him *for* the corporation. This does not, of course, require delivery of the salary paid him *by* the corporation. We modify the order by deleting the requirement that Newman deliver to the receiver sums received "from any other source, including his independent work as a sole proprietor." Any receipts that come into Newman's hands apart from those received for the corporation may, of course, be the subject of a future proceeding by way of garnishment or other proper process. *See Thomas v. Thomas,* 917 S.W.2d 425, 434 (Tex.App.—Waco 1996, no writ); *Bergman v. Bergman,* 828 S.W.2d 555, 557 (Tex.App.—El Paso 1992, no writ).

The trial-court order requires that Newman file monthly with the court "a sworn, detailed monthly accounting of [his] income and expenses, and of the existence of any deferred or unpaid income to which [he] is entitled." In Newman's fifth point of error, he contends this provision is not supported by the pleadings and exceeds the scope of relief allowed by the turnover statute. We disagree. Toy's motion requested such relief in almost the exact terms of the order. We believe, moreover, that the requirement is supported by the evidence, which includes Newman's testimony that he did not intend to pay the judgment because he had no assets, and comes within the scope of the turnover statute because the trial court could reasonably conclude that the requirement was necessary to effectuate the other provisions of the order. We overrule point of error five.

As modified above, we affirm the trial-court order.