Aransas Pass Harbor Company v. L. H. Manning et al.

No. 1013. Decided June 17, 1901.

**1. Estoppel—Conveyance of Corporate Land—Consent of Stockholders.**

The consent of all the stockholders of a corporation to the conveyance of its land by the president as a donation to a public improvement estopped them from claiming such land as distributees of the assets of the corporation on its dissolution, though the conveyance was not authorized by any vote of its directors or stockholders. (Pp. 561-563.)

**2. Corporation—Dissolution—Distribution of Property—Estoppel.**

An unauthorized conveyance of land of a corporation by its president was an assertion of authority in him to execute it, which, by estoppel, placed him in the same position he would have occupied if the authority had existed; it merely conveyed his interest in the specific parcel of land, and did not entitle the grantee to recover from him land, equal in amount or value to that conveyed, out of the property set aside to him as a stockholder in the partition of the assets of the corporation on its dissolution. (P. 563.)

QUESTIONS CERTIFIED from the Court of Civil Appeals for the First District, in an appeal from Aransas County.

*Denman, Franklin & McGown,* for appellant.—Appellant averred in its answer that if the property referred to in plaintiff's petition was transferred to it by the president of the Ocean View Hotel Company without any resolution of the board of directors authorizing him so to do, that nevertheless such transfer was made with the full knowledge and consent of said board of directors and all of the stockholders of said company, and that the same is binding upon the said company, and that said company and its stockholders and directors are estopped from asserting any title to said property against appellant. Although the deed executed by the president of the company may have been made without any resolution of either stockholders or directors authorizing same, yet if in fact the stockholders and directors consented to the conveyance, they should not be permitted, after the dissolution of the hotel company, to recover the land so conveyed with their consent. It was error, therefore to sustain the exceptions of plaintiff in the lower court to appellant's answer setting up the estoppel above referred to. Fort Worth Pub. Co. v. Hitson, 80 Texas, 216; Stokes v. Detrich, 23 Atl. Rep., 846; Burrill v. Bank, 2 Met. (Mass.), 166; Kelley v. Railway, 141 Mass., 496; Merrick v. Burlington, etc., Co., 11 Iowa, 76; Railway v. Kittel, 52 Fed. Rep., 73; Allen v. Wilson, 28 Fed. Rep., 677; Manhattan, etc., Co. v. Phalen, 31 Atl. Rep., 428; Manhattan, etc., Co. v. Boland, 31 Atl. Rep., 429; Jackson v. Walsh, 23 Atl. Rep., 778; West, etc., Assn. v. Ford, 27 Conn., 282; Howard, etc., Assn. v. McIntyre, 3 Allen (Mass.), 571; Green v. Abietine, etc., Co., 31 Pac. Rep., 101; Thomp. on Corp., sec. 5286.

It is alleged in the petition that at the very time this deed was executed the hotel company had been dissolved and was in fact not a corporation. If the conveyance from Fulton, therefore, was made by him as president of a defunct corporation, and he could not in fact

convey the land for said corporation, but nevertheless undertook to do so and executed the deed conveying the land and warranting the title, this deed passed whatever interest Fulton may have had in the lands of the corporation to the extent at least of the land described in the deed. The lower court, therefore, should have decreed that the lands of the company be so partitioned as to set apart to Fulton, as part of his share, the land claimed of appellant and decree the title to this land to be in appellant; or if the land was incapable of partition, that the value of same be paid to appellant out of the portion set aside to Fulton; or it should have decreed that the land claimed by appellant should be first set aside to it and the remainder of the property partitioned among the stockholders as their respective interests might require. Same authorities as under first proposition; also Thomp. on Corp., secs. 5286, 5314, 5315, 5327, 4912, 5249, 4494, 5258, 5270, 5289, 5968, 5291-5295; 2 Mora. on Priv. Corp., sec. 630, et seq.

No brief for appellee has reached the Reporter.

GAINES, CHIEF JUSTICE.—This case comes to us upon certified questions. The certificate is as follows:

"The suit was brought by one L. H. Manning, who alleged that he was the owner of half the issued shares of the capital stock of the Ocean View Hotel Company, a corporation chartered on December 3, 1889, under the laws of Texas, for the sole purpose of establishing and maintaining a hotel or hotels in Aransas County, Texas. That on the day the charter was filed, the directors held a meeting and elected James C. Fulton president of the board, and at the same meeting authorized the purchase of 2900 acres of land described in the petition, which purchase was afterwards consummated. That no meeting of the stockholders or directors was ever held after said date, nor was anything further done in pursuance of its corporate purpose, and that in 1898 the charter of the company was forfeited by the Secretary of State for nonpayment of the franchise tax. The corporation is alleged to be defunct and all the owners of the remainder of the stock were made parties defendant, with prayer for partition and equitable distribution of the property of the concern among the owners of the stock.

"It was further alleged that the Aransas Pass Harbor Company held a deed to a certain 300-acre tract, described in the petition as a part of the property of the hotel company, which was alleged to be a cloud upon the title of the plaintiff and his co-owners, and as reason for its invalidity and cause for its cancellation, it was averred that it had been executed to the harbor company by J. C. Fulton as president of the hotel company without any authority from the directors of the hotel company or the stockholders therein, and that he was wholly without authority to bind the directory or the stockholders by its execution.

"The date of the execution of this deed is alleged to be March 29, 1895.

"It was also alleged that the deed was not supported by a valuable consideration, and that neither Fulton nor the company had power or authority at any time to make the conveyance. It was further averred that the directors of the company still had possession of the land in question. Prayer was that the harbor company be cited as party defendant and that the deed be canceled and annulled. The answer of the harbor company is as follows:

" 'If said demurrers and exceptions be overruled, then this defendant for answer says that it denies each and every allegation in plaintiff's petition contained; and further specially answering, it says that if it be true that the property referred to in plaintiff's petition was transferred to it by the president of the Ocean View Hotel Company without any resolution of the board of directors authorizing him so to do, that nevertheless such transfer was made with the full knowledge and consent of said board of directors and of all of the stockholders of said company and is binding upon said company; and said company, its stockholders and directors, are now, therefore, estopped from asserting any title to said premises as against this defendant.

" 'This defendant further avers that the assertion of title contained in this suit is a cloud upon defendant's title to said premises, and it therefore prays that plaintiff take nothing as against this defendant; that this defendant be quieted in its title to said premises as against said plaintiff, said Ocean View Hotel Company, and all of this defendant's codefendants herein, and that the said cloud upon its said title be removed by the judgment and decree of this court.

" 'But if the foregoing relief be refused, then it prays that in the event of a partition of the premises herein that the land so conveyed by said company to it be decreed to said company out of any share set apart to any stockholder or stockholders who approved or executed or authorized said conveyance, or if this particular tract so conveyed can not be so set aside, that the equivalent of same be set aside out of the shares so set apart to such stockholder or stockholders. Prayer is likewise made for general relief and for costs.'

"To the portion of the answer which undertook to set up an estoppel against the hotel company, its directors and stockholders, plaintiff excepted on the ground that no facts were averred which would constitute an estoppel, and the exceptions were sustained by the court. The defendant harbor company refusing to amend, the cause proceeded to trial and the court adjudged the deed to the harbor company to be a nullity, decreed the title of the 300-acre tract to be in plaintiff and his co-stockowners, and decreed partition as prayed for.

"The harbor company alone has appealed, so we state only the facts which affect the execution of the deed in question.

"The evidence adduced on the trial established:

"1. That the Ocean View Hotel Company was incorporated under

the general laws of the State of Texas on the 3d day of December, 1889, and that its charter embraced the following purpose only:

" 'The establishment and maintenance of a hotel or hotels in Aransas County, Texas.'

"2. That said company has never undertaken any of the purposes of its charter; that its board of directors has never held a meeting since a meeting held by them immediately after the granting of the charter, for the purpose of selecting officers, and its stockholders have never held any meeting.

"3. That said company has never paid any franchise tax to the State since the franchise tax due for the year 1896, and said charter was forfeited by the Secretary of State for failure to pay franchise tax due May 20, 1898.

"4. That on the 29th day of March, 1895, James C. Fulton, then president of said Ocean View Hotel Company, in the name of said company, signed, acknowledged and delivered a deed to said Aransas Pass Harbor Company, whereby he undertook to convey to said Aransas Pass Harbor Company the 300-acre tract of land described in plaintiff's petition as embraced in said deed. The deed contained a clause of general warranty and was signed Ocean View Hotel Company by J. C. Fulton, president.

"5. That said deed was not authorized by any resolution of the directors or stockholders of said company, and was made by said Fulton as such president without any action of said Ocean View Hotel Company authorizing him to do so.

"6. That the only purpose of said deed was to convey said land to the Aransas Pass Harbor Company as a bonus to aid said Aransas Pass Harbor Company in raising the money to prosecute certain work of removing the bar at Aransas Pass to obtain a deep water harbor at said pass and there was no other consideration.

"7. That the stock of said Ocean View Hotel Company is now held by the following named parties in the amounts set opposite their respective names: James C. Fulton, 5-12ths; L. H. Manning, 6-12ths; J. W. Armstrong, 1-12th.

"The questions propounded are:

"First. Did the trial court err in sustaining exceptions to the part of the answer of the harbor company which undertook to set up estoppel as a defense against the plaintiff's attack on the deed from Fulton purporting to convey the 300 acres?

"Second. Was the harbor company entitled under their pleading and the facts to a judgment in any event for an interest in the hotel company's property equal to the interest which Fulton might be found to own therein, should it not exceed in value the 300 acres which he undertook to convey by his deed?"

1. We are of the opinion that the special plea of the defendant was a good answer to the petition and that it was error to sustain the demurrer thereto.

In Cook on Corporations (volume 1, section 3) it is laid down broadly: "A private corporation may * * * give away its assets, * * * provided always that all the stockholders assent, and provided that corporate creditors are not injured, and provided that no statute forbids such acts." But upon the proposition, the decisions are in conflict. On the one side, it is held that the owners of the shares in a corporation are not the owners of the property, and that the corporation being a separate entity, its property can only be transferred or mortgaged by the corporation itself, acting "through its officers, subject to the conditions prescribed by law." Humphreys v. McKessock, 140 U. S., 304; Sellers v. Greer, 172 Ill., 549; Parker v. Hotel Co. (Tenn.), 34 S. W. Rep., 209; Baldwin v. Canfield, 26 Minn., 43; Wheelock v. Moulton, 15 Vt., 519.

On the other hand, in Thompson on Corporations it is said: "If, then, the ultimate determination of corporate affairs rests with the stockholders, it is quite absurd to say that their acts are not to be deemed valid unless assented to by their agents, the directors. If, as we shall see, informal acts of the directors and the corporate officers may be ratified and made good by the subsequent conduct or acquiescence of the stockholders, whose agents the former are, why can they not, at least by unanimous consent, do a valid corporate act without the formality of a resolution by their servants, the directors? The sound answer is that they can. On this ground, it was well held that where the directors own all the shares, they may agree among themselves—not in their character of directors, but rather in their character of stockholders—to authorize the president to sell all the property of the corporation, and that this authorization will be none the less valid because not given at a regular directors' meeting. Other decisions tend to the conclusion that whilst, in theory of law, the corporation and its shareholders are distinct persons, and the latter have no agency for the former, yet equity, which looks to the substance of things, may, in an appropriate case, and for the purposes of justice, treat a debtor corporation and an individual owner of all its shares as identical." 7 Thomp. on Corp., sec. 8043. The text is supported by the following cases: Jordan v. Collins, 107 Ala., 572; Moore, etc., Co. v. Towers, etc., Co., 87 Ala., 206; Swift v. Smith, 65 Md., 428. See also Railway v. Railway, 163 U. S., 564, which seems to modify in some degree the views expressed in Humphreys v. McKessock, supra.

Some of the cases cited to the first proposition merely hold that all the stockholders or that the sole owner of all the shares can not convey the property of the corporation. Our statute appoints the president of a corporation as the officer to convey its real estate, but we have held that in order to invest the president with the authority to make a deed, he must, as a rule, be empowered to do so by the board of directors. Fitzhugh v. Land Co., 81 Texas, 306. Here the president has made the deed, and the question is, did he have authority to do so? It not appearing that there were any creditors whose interests could be affected, could the consent of all the directors and

all the stockholders to the conveyance give authority to make it, there being no "corporate action,"—that is to say, no action by the directors as a board? Notwithstanding the authorities which seem to hold to the contrary, we are of opinion that the sounder doctrine is that it could. A stockholder, merely as such, has no direct agency in the control of the business of the corporation. He has no direct interest in the property. His right to such property is collateral. But in its last analysis, the stockholders are the beneficial owners of the assets of the corporation. This proceeding is instituted upon the theory, which we think a correct one, that the shareholders are the ultimate owners of the corporate property, and, when the corporation is dissolved and its creditors are satisfied, they hold title to the assets in proportion to their respective shares. The directors must ordinarily make disposition of the corporate property because its creditors have rights which it is their duty to protect. A majority of the stockholders—even all save one—can not authorize a sale of the corporate assets, for the reason that every stockholder has the right to require the action of the legally constituted agency—the board of directors— in the management of its business. But when all assent, there being no creditors to complain, they should not be permitted to complain. When everyone who has an interest in the property, although that interest may, as long as the corporation exists, be indirect, consents that the officer appointed by the law to convey the assets of the corporation, when duly authorized so to do, shall convey, and it is accordingly so conveyed, we are of opinion that the conveyance should be held good.

We therefore answer the first question in the affirmative.

2. If the president of the corporation, without being duly authorized to do so, conveyed the land in controversy as such president as an aid to the grantee in an attempt to remove the bar at Aransas Pass, we are of the opinion that the execution of the deed was virtually an assertion of authority in him to execute it, and that he is estopped to deny such authority. The result of that estoppel is to place him in the same position he would have occupied had the authority existed. If the authority had existed, the effect of the deed as to him would merely have been to convey his interest in the specific parcel of land which was attempted to be conveyed.

We therefore answer the second question in the negative.