## TINNIN v. WILKIRSON et al.

No. 1641—6072.

Commission of Appeals of Texas, Section A.

March 15, 1933.

Paul Moss, of Odessa, for plaintiff in error.

Frazier & Averitte, of Hillsboro, John F. Weeks and Del W. Harrington, both of El Paso, and C. W. Tate, of Amarillo, for defendants in error.

HARVEY, Presiding Judge.

This suit was brought by O. L. and Cad T. Wilkirson, partners, against the Odessa Building & Finance Company, a domestic corporation, to recover of the company a debt due by it to the Wilkirsons. On March 23, 1929, the Wilkirsons caused to be issued and levied a writ of attachment on a large number of city lots and blocks belonging to the said corporation, in the town of Odessa, Tex. Henry Pegues, one of the defendants in error, subsequently intervened in the suit and set up title to lot 7 in block 101 and lot 11 in block 104, being two of the lots involved in this controversy. His title to said lots was shown by his pleading and proof to have been acquired as follows: On March 19, 1929, the Odessa Building & Finance Company, which will be hereinafter designated as the corporation, executed its note to C. W. Tate and John F. Weeks for the sum of $2,000, and, to secure same, executed a deed of trust, with the usual power of sale in the trustee. The deed of trust covered a half interest in the two lots mentioned, and same was put of record on March 23, 1929. In July, 1929, the trustee, in conformity to the power of sale, duly sold said half interest to Pegues, and duly executed to him a deed therefor. The other half interest in said two lots was acquired by Pegues from one Carl Crowley by deed dated December 10, 1929.

The plaintiff in error, E. L. Tinnin, also intervened in the suit, claiming a prior judgment lien on all the property in controversy, by virtue of the due recording, on October 8, 1928, of a certain money judgment recovered by him, on September 25, 1928, against Florence Williams personally.

The case was tried to a jury, and at the conclusion of the testimony the trial court peremptorily instructed the jury to return a verdict in favor of the Wilkirsons and Pegues. This being done, the trial court entered judgment as follows: (a) In favor of Pegues for the two lots mentioned; and (b) in favor of the Wilkirsons for the amount of their claim, with foreclosures of their attachment lien on the property in question, except the two lots of Pegues; and (c) subject to the above decretals, foreclosing the judgment lien of Tinnin. The Court of Civil Appeals affirmed the judgment of the trial court, and Tinnin brought the case here on writ of error.

The only questions material to a decision are those to be discussed and which relate to the claim of priority asserted by Tinnin for his judgment lien which arose from the abstracting and recording, on October 8, 1928, of his judgment against Florence Williams, who is not a party to this suit. The pertinent facts are substantially as follows:

On and prior to November 7, 1927, Florence Williams owned a large number of city lots and blocks in the town of Odessa, including all the property involved in this suit, except the half interest in lot 7, block 101, and lot 11 in block 104 which was owned by Crowley. On that date Florence Williams, in payment of her stock subscription in the corporation to be known as the Odessa Building & Finance Company, which was then in process of organization, executed a deed to the company for all the property above mentioned. The deed was recorded on November 8, 1927. On January 7, 1928, a charter was duly issued to the company; all the capital stock, except two shares of $100 each, being owned by Florence Williams. Thereafter she controlled the corporation and its activities, and managed its affairs. In practical effect, the corporation was what is sometimes termed a "one man corporation."

There is no testimony to show that the deed of conveyance made by Florence Williams to the corporation, on November 7, 1927, was made for the purpose of defrauding her creditors, as alleged by Tinnin. No fact issue in that respect is raised. There was no testimony to show that, at the time the deed to the corporation was executed, Florence Williams owed Tinnin anything, or that she intended to incur any indebtedness to him.

However, counsel further contends, in effect, that, because Florence Williams owned practically all the capital stock and controlled the affairs of the corporation, Tinnin's judgment lien attached, on October 8, 1928, to the property involved in this controversy, and said lien, being prior in point of time, takes precedence of the claims of the Wilkirsons and Pegues. In support of this contention the doctrine is invoked which is to the effect that, where such a stockholder so conducts his individual affairs, and those of the corporation which he controls, as to intermingle the identity of the corporation with his own, a court of equity will charge either with liability according to the equities of the case. Inasmuch, however, as a statutory lien arises independently of voluntary action on the part of the lien debtor, it is not perceived that the above doctrine has any application at all to a lien of that character. At any rate, with respect to property belonging to the corporation, as such, there is no reason to say that equity will subordinate, to a statutory lien which becomes fixed as against the individual stockholder, the rights of creditors and privies of the corporation. Substantially the same doctrine which Tinnin invokes here was applied in the leading case of Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 63 S. W. 627. The court there,

by clear implication, indicated that such doctrine would not be so applied as to affect the rights of any one but the stockholder and the corporation itself. We conclude, therefore, that, as regards property which Florence Williams had conveyed to the corporation, the judgment lien asserted by Tinnin could not, in any event, affect the rights of the Wilkirsons or those of Pegues which he acquired under the deed of trust executed by the corporation itself.

■ With regard to the half interest in lots 7 and 11 which Pegues acquired from Crowley. it is sufficient to say that no error in that respect was properly presented or briefed in the Court of Civil Appeals, and that court, in the exercise of its discretion in that respect, properly declined to review that branch of the case.

We recommend that the judgment of the trial court and that of the Court of Civil Appeals affirming same be affirmed.

CURETON, Chief Justice.

Judgments of the district court and Court of Civil Appeals are affirmed.