## FORREST et al. v. GUARDIAN LOAN & TRUSTEE CO. et al.

### No. 4681.

Court of Civil Appeals of Texas. El Paso.
Jan. 11, 1950.

Rehearing Denied Feb. 15, 1950.

Joe P. Flack, San Antonio, for appellants.

Wm. C. Church, Sr., Wm. C. Church, Jr., San Antonio, W. L. Edwards, Victoria, for appellees.

SUTTON, Justice.

This is a trespass to try title suit and the appeal comes from the District Court of Calhoun County.

The Guardian Loan & Trustee Company, Wm. C. Church and Ed J. Frazer sued John P. Forrest and five other defendants to recover certain real property described in the petition and judgment situated in

Calhoun County, Texas. A jury was impaneled to try the case but at the conclusion of all the testimony the Court took the case from the jury and rendered judgment for the plaintiffs for the lands sued for and costs. All the defendants perfected an appeal from the judgment but only John P. Forrest has filed a brief.

Guardian Loan & Trustee Company sued to recover the title to the Golf Grounds, Bayside Club Grounds, La Salle Memorial Park, Yacht Basin and Channels, Casino and Dance Pavilion Locations, as designated on a map or plat of Bayside Beach Unit No. 1, recorded in the Plat Records of Calhoun County, Texas, and

| Lots | Block | Lots | Block |
|---|---|---|---|
| 2 | 12 | 4 | 106 |
| 5–12, inclusive | 23 | 1–15 inclusive and 18–19 | 115 |
| 1–6 inclusive | 24 | 11, 12, 22, 23–29 | 122 |
| 10–11 inclusive | 27 | 15 | 139 |
| 1–3 inclusive and 10–16 | 28 | 16 | 159 |
| 7–8–9–11–22–23–24 and 25–27 inclusive | 29 | 1–16 inclusive | 195 |
| 1–5 inclusive and 7 and 15–20, inc. | 43 | 7–8 | 215 |
| | | 1–5 inclusive | 284 |
| 25 | 57 | 18–20 | 285 |
| 28–31 inclusive | 58 | 2–3 | 292 |
| 13 | 74 | 1–2–14–15 | 295 |
| 9 | 76 | 17–18 | 301 |
| 9–10–14–15 | 91 | 17–24, inc. | 303 |

described in a deed from P. M. Chamberlain to Guardian Loan & Trustee Company dated March 31, 1947, which deed it relies upon for title. The title to the property was in Bayside Beach, a corporation, but it is claimed Chamberlain conveyed it, as he had a right to do, as the sole owner of all the stock of the corporation.

It is Forrest's contention the judgment in favor of Guardian Loan & Trustee Company for the recovery of the property described is erroneous, because the evidence is insufficient to show Chamberlain was the owner of all the stock of the corporation. It is admitted in the brief the Guardian Loan & Trustee Company was under the necessity of recovering on the strength of its own title, and as to all defendants other than Forrest it was incumbent upon it to show on the date of the deed Chamberlain was the sole owner of all the outstanding stock in Bayside Beach. Bayside Beach was incorporated May 3, 1927, for a period of twenty years. Its right to do business was forfeited August 2, 1930, but it was not actually dissolved until May 3, 1947.

Mr. Chamberlain testified he purchased all the assets and all the stock of Bayside Beach in December 1928; that a Mr. Hall had been given some stock; that he did not know officially he was the sole stockholder but had been told Mr. Hall was dead and he supposed he was the only remaining stockholder. There is a letter contract in the record, bearing a long-hand pen date of October 31, 1928, addressed to Messrs. W. C. Church, Ed J. Frazer and John P. Forrest, written by Mr. Chamberlain and accepted by the three gentlemen named wherein a series of facts are recited, amongst which are that Church and Frazer own certain Bayside Beach real property and 50% of the stock, and that they thereby control the corporation by virtue of ownership, contract and mortgage, and further that Mr. Chamberlain will acquire the control and assets of the corporation as shown on the list of assets and liabilities. It is also recited that he will give to Messrs. Church and Frazer a note for $12,500.00 due two years after date bearing 8% interest in return for the property they hold, which note they will

assign to John P. Forrest without recourse, except the amount of $5,000.00 which they shall guarantee, and in consideration of which Forrest will discharge any and all interest he has in the Guardian Loan & Trustee Company and all suits he has against it and Messrs. Church and Frazer. It is recited in a contract dated December 22, 1928, between Chamberlain and Forrest, that Chamberlain has purchased from Church and Frazer all the assets of Bayside Beach, but does not mention any stock. It is also recited the $12,500.00 note has been endorsed to Forrest and guaranteed to the amount of $5,000.00. There is in the record a note for $12,500.00 dated December 26, 1928, payable to E. J. Frazer on or before two years after date, signed by Chamberlain and endorsed and guaranteed by Church and Frazer as recited heretofore. There is likewise in the record a note for $8,000.00 dated January 9, 1928, payable to the order of E. J. Frazer, signed Bayside Beach by W. H. Hall, Vice-President, Jimmie Hodges and W. H. Hall, and attested by Jimmie Hodges, Acting Secretary. This note is endorsed without recourse and warranty by E. J. Frazer to P. M. Chamberlain or order, and is endorsed in blank by Chamberlain, and was in the possession of Forrest and introduced in evidence by him on the trial.

Mr. Chamberlain continuing his testimony on direct examination testified Forrest had been in the position of financing the operation up to that time and was to continue; that Bayside Beach had already borrowed $8,000.00 and that his $12,500.00 note was to absorb the $8,000.00 note and certain expenses that had been incurred and to cover costs of additional financing; that there was already deposited with the $8,000.00, 50% of the stock of the Company, and as we construe his testimony the stock was left up as it was. On cross-examination he testified he had never seen the stock but that it was up as collateral to secure the $8,000.00 and did remain up. He further testified his contract was to the effect he bought all the assets and stock. After he bought he became the Secretary and Hall was the President. He

testified again the note for $8,000.00 and the shares of stock to secure it were put up by Frazer before he came into the picture and that he had never seen any certificates or shares of stock of the company; there were some certificates surrendered and new certificates issued to him but those up with Forrest were never surrendered but continued up. There were introduced by the plaintiffs certificates of stock in the name of Chamberlain for 312½ shares. Forrest introduced the certificates he held as security covering 489 shares' issued to Jimmie Hodges and endorsed in blank. In all there were 1000 shares of the par value of $100.00. The remaining shares are not accounted for.

Chamberlain testified he has an interest in the profits of the Guardian Loan & Trustee Company.

Chamberlain by deed dated January 31, 1929, conveyed the real property described in his deed to Guardian Loan & Trustee Company dated March 31, 1947, in consideration of $1.00 paid and the assumption of the $12,500.00 note identified by him as the one executed when he took the property from Church and Frazer, to Bayside Beach. The object or purpose of this conveyance was to add some value to the corporation stock in the hands of Forrest as security for his debt, according to the testimony of Mr. Chamberlain.

Mr. Chamberlain testified Bayside Beach was continued from the time he took over until November 1929, when it became inactive, and he had forgotten it and any interest in it until he met Mr. Church in Houston in 1946, when Church advised him he and Frazer were being sued on the $12,500.00 note and suggested something should be done about it, and "to facilitate the matter after two or three months I deeded the property to Guardian Loan & Trustee Company and retained an interest in its profits." In 1946, Mr. Church was one of the three stockholders in Guardian Loan & Trustee Company and president thereof. It is apparent from the record Bayside Beach was a promotion undertaking and Mr. Chamberlain is described as a "Promotion Engineer."

276

Guardian Loan & Trustee Company counter Forrest's proposition with counter points to the effect the evidence conclusively shows a title in it superior to the title asserted by Forrest, and that the evidence conclusively shows that at the time Chamberlain executed the deed to it, March 31, 1947, Chamberlain was the sole owner of all the shares of stock in Bayside Beach and was, therefore, authorized to convey the title.

It may be readily admitted Forrest had no actual title to the real property conveyed to Guardian Loan & Trustee Company, notwithstanding the fact Chamberlain executed a deed to Forrest's brother, his predecessor in title, because the evidence makes it clear the purpose of the conveyance was to secure the debt held by Forrest and not to convey title to the property.

It has been the rule in Texas since the case of Aransas Pass Harbor Company v. Manning, 94 Tex. 558, 63 S.W. 627, 629, that all the stockholders, or the sole stockholder, may convey the property of a corporation, since they are the only ones beneficially interested, provided it does not prejudice the then existing creditors of an insolvent concern. See T. J. p. 949, Sec. 299, and the cases there cited. But as said in Aransas Pass Harbor Co. v. Manning, supra, "The directors must ordinarily make disposition of the corporate property, because its creditors have rights which it is their duty to protect. A majority of the stockholders, even all save one, cannot authorize a sale of the corporate assets, for the reason that every stockholder has the right to require the action of the legally constituted agency—the board of directors—in the management of its business."

As has already been pointed out, Hall held one or more shares of Bayside Beach and Forrest held as collateral 489 shares issued to Jimmie Hodges, which had not been surrendered and new stock issued in its stead, but was left outstanding and up with the express consent and knowledge of Chamberlain. Only 312½ shares stood in the name of Chamberlain.

The certificates in Forrest's hands certified Jimmie Hodges is the owner thereof and that such shares were "transferable only on the books of this Corporation in person or by Attorney upon surrender of this Certificate properly endorsed." They were endorsed in blank on the reverse side. Art. 1328, Vernon's Civil Stats., requires the directors to keep a record of all stock subscribed and transferred. Art. 1334, R.C.S.1925, declared the stock of a corporation to be personal estate, and that the same shall be transferable only on the books of the corporation. These provisions were held to be mandatory and a part of the corporation's charter powers and requirements. Walker Caldwell Producing Co. v. Menefee, Tex.Civ.App., 240 S.W. 1023 (e. r.). The last article was superseded by the Act of 1943, Art. 1358—1 et seq., V.C.S., which provides for the transfer of the stock by a delivery of the certificate endorsed in blank or to a specified person, or by the delivery of the certificate and a separate document containing a written assignment or power of attorney to sell, assign or transfer the same. These provisions were not observed.

As has already been pointed out in the recitation of the facts, Forrest held 489 shares of the stock of Bayside Beach pledged to secure his debt. This is undisputed and undenied and known to the parties to this suit. To the extent of his debt Forrest was the legal owner of the stock pledged to secure his debt. American Employers' Ins. Co. v. Dallas Joint Stock Land Bank, Tex.Civ.App., 170 S.W.2d 546, at page 550 (3-7) and the authorities there cited.

From all that has been recited hereinbefore it becomes apparent Chamberlain was not the sole owner of all the assets and stock of Bayside Beach and did not have the power and authority to execute the deed and convey the property described in the deed dated March 31, 1947, to Guardian Loan & Trustee Company. The deed was sufficient to convey what interest Chamberlain may have had in the property, Aransas Pass Harbor Co. v. Manning, supra, and Bunn v. City of Laredo, Tex.

Civ.App., 213 S.W. 320, but he claimed it all and just what interest he may have had was not determined and cannot be from this record.

■ Guardian Loan & Trustee Company in a supplemental petition pleaded limitation as against the claim of Forrest and argues here any claim he may have had is barred, but that position is not tenable. It is well settled a mortgagee in possession has the right to retain possession until his debt is paid, even though the debt is barred by limitation. Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, at page 1081, 115 A.L.R. 329(4) and the authorities there cited.

It is our conclusion the judgment of the trial court in favor of Guardian Loan & Trustee Company for the recovery of the property described in the deed from P. M. Chamberlain to Guardian Loan & Trustee Company dated March 31, 1947, is erroneous and in that respect the judgment will be reversed and remanded and the costs taxed against the Guardian Loan & Trustee Company; in all other respects the judgment is affirmed.