CARPENTERS LOCAL UNION NO. 1266 et al., Appellants,

v.

The TEXAS STATE FEDERATION OF LABOR BUILDING ASSOCIATION et al., Appellees.

No. 10375.

Court of Civil Appeals of Texas.

Austin.

March 21, 1956.

Rehearing Denied April 11, 1956.

Cofer & Cofer, Austin, for appellants.

Creekmore Fath, Austin, Mullinax & Wells by Houston Clinton, Jr., Dallas, for appellees.

GRAY, Justice.

This suit was brought by Carpenters Local Union No. 1266 and Painters Local Union No. 221 against the Texas State Federation of Labor Building Association and Austin Labor Temple Association. These parties will be later referred to as Carpenters, Painters, Building Association and Temple Association.

Carpenters and Painters are unincorporated labor organizations domiciled in Travis County with named persons as trustees. Building Association and Temple Association are private corporations incorporated under the laws of Texas, with their principal places of business in Austin. Temple Association was incorporated for the purpose of owning and operating a home or building as a meeting place for its bona fide labor organization members and did own (subject to an outstanding indebtedness) a building in Austin for such purpose. It was alleged that it issued 424 "par value" membership certificates of which Carpenters held 136 and Painters held 32.

On February 1, 1955, the officers of Temple Association without the consent of Carpenters and Painters conveyed the above mentioned building to the Building Association.

Carpenters and Painters sued to recover from the Building Association the value of the interest owned by them in the property conveyed and to foreclose their alleged equitable liens on said property. In the alternative they sued to have the above mentioned deed declared void and set aside, to dissolve the Temple Association and have its assets distributed to its members. No complaint based on this alternative plea is urged here for which reasons the same will not be further noticed.

In its answer the Building Association alleged that it had offered to and was willing to reconvey the property to Temple Association in consideration of the return to it of memberships granted and reimbursement for sums of money expended by it—these sums of money were: city and county taxes, attorneys' fees and installments paid on the outstanding indebtedness against the property.

At a nonjury trial the trial court entered an order the pertinent portion of which is:

"* * * the Court is of the opinion and finds that in order that equity may be done to all parties and that they be restored to the respective positions before February 1, 1955, that the Texas State Federation of Labor Building Association has tendered into Court a deed conveying the said property back to the Austin Labor Temple Association and that the status quo existing before February 1, 1955, may best be obtained by the Texas State Federation of Labor Building Association delivering said deed to the property to the Austin Labor Temple Association in exchange for an amount equal to all expenditures made by it in payment of city and county taxes, attorneys fees, installment note payments, and the certificate for 424 Class A memberships in the Texas State Federation of Labor Building Association, and that the State Federation of Labor Building Association and the Austin Labor Temple Association be allowed until 24th day of June, 1955, to accomplish such exchange at which time they shall report to the Court for such other and further orders as the Court deems proper in the premises; * * *."

Carpenters and Painters excepted to the above order.

At a day subsequent to the order supra a judgment was rendered to the effect that the above mentioned deed having been executed and delivered to Temple Association equity has been done and that Carpenters and Painters take nothing by their suit. In the judgment the trial court made further findings to the effect that: in the conveyance supra Building Association and Temple Association acted in good faith and believed there were no objections to the conveyance; if they had known there were objections the transaction would not have been consummated; on March 31, 1955, immediately after this suit was filed the parties attempted to rescind the transaction but because of this suit Temple Association was unable to borrow sufficient money against the property to repay Building Association funds expended by it; pursuant to the above order the conveyance was completely rescinded and the parties placed in the same status as they were in prior to February 1, 1955, and no one has suffered injury, damage or loss in his rights relative to the involved property; the ownership of the property is not necessary to the accomplishment of the objects and purposes for which Temple Association was chartered, that it was not dissolved by the conveyance of February 1, 1955, and that neither the members who participated in the transaction nor the directors of Temple Association have committed any act that can reasonably be construed to constitute a breach of trust to Carpenters and Painters.

When facts exist as found by the court supra there is authority to support the judgment rendered. See 53 Am.Jur. Sec. 116, p. 904.

Upon request the trial court found that on February 1, 1955, the reasonable cash market value of the involved property was $185,000.

Carpenters and Painters here present two points which are to the effect that the trial court erred in rendering judgment that they take nothing because: (1) Temple Association, a nonprofit corporation, could not convey its entire property without the unanimous consent of its shareholders; at their election they are entitled to demand of Building Association the reasonable value of their equitable interest in the property conveyed, and the conveyance was wrongful because negotiated by the boards of directors of the two associations having a common member who was a dominating influence in making the conveyance, and (2) at the election of Carpenters and Painters the conveyance constituted a conversion of their shares in the property and Building Association being guilty of conversion cannot avoid liability by tendering back the property.

At the outset we may say that the pleadings and the facts are sufficient to show that Carpenters and Painters as minority stockholders of Temple Association can maintain their suit and that there is no sug-

gestion that Temple Association is or on February 1, 1955, was insolvent.

 It is the general rule that the directors of a solvent corporation cannot dispose of its assets without the unanimous consent of its stockholders. Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 63 S.W. 627. Forrest v. Guardian Loan & Trustee Co., Tex.Civ.App., 230 S.W.2d 273. (The conveyance in question was prior to the effective date of our present Business Corporation Act, V.A.T.S.) The fact that this general rule was violated by the transfer of the property in question cannot be disputed and there are no facts to show the existence of conditions creating an exception to such general rule. For these reasons the transfer of the property to the Building Association gave rise to a cause of action against it. International & G. N. R. Co. v. Bremond, 53 Tex. 96. However it remains to be determined if Carpenters and Painters have shown that they suffered any damage. In Aransas Pass Harbor Co. v. Manning supra [94 Tex. 558, 63 S.W. 629] the Court said:

"A stockholder, merely as such, has no direct agency in the control of the business of the corporation. He has no direct interest in its property. His right to such property is collateral. But, in its last analysis, the stockholders are the beneficial owners of the assets of the corporation."

In Morrison v. The St. Anthony Hotel, 274 S.W.2d 556, at page 567, er. ref., n. r. e., this Court said:

"The incidents of stock ownership in a corporation are the rights, pro tanto, to share in its management, profits and, upon dissolution, its assets. Thompson on Corporations, 3rd Ed. Vol. 5, p. 305.".

 It appears certain that Carpenters and Painters rely on the law of Trover and Conversion to sustain their plea for damages. Of course there could not have been a conversion of the real property. 42 Tex. Jur. p. 507, Sec. 2.

Conversion is concerned with possession and not title. Ashbrook v. Hammer, Tex. Civ.App., 106 S.W.2d 776. It is true that there may be a conversion of corporate stock and certificates. 42 Tex.Jur. p. 514, Sec. 7; Thompson on Corporations, 3rd Ed., Vol. 5, Art. 5, p. 335 et seq. Here Carpenters and Painters do not say that the Building Association at any time had possession of their membership certificates in the Temple Association or that they at any time exercised dominion over the same.

At most there was no more than a technical conversion of the membership certificates and Carpenters and Painters are entitled to compensation for the loss sustained by them. In Kennann v. Deats, Tex.Civ. App., 258 S.W.2d 145, 147, er. ref., n. r. e., it is said that:

"'No absolutely rigid rule may be laid down applicable to every state of facts in conversion cases. Compensation for the injury is the result to be obtained; Field v. Munster, 11 Tex.Civ. App. 341, 32 S.W. 417, affirmed 89 Tex. 102, 33 S.W. 852; and while the wrongdoer is not allowed to profit from his own wrong, the same rule should apply to the party allegedly aggrieved.' Minter v. Sparks, Tex.Civ.App., 246 S.W.2d 954, 957(4)."

 Where property has been converted under circumstances rendering it a technical conversion or the result of mistake a tender of the property may be shown in mitigation of damages for conversion. Hicks Rubber Co. v. Stacy, Tex.Civ.App., 133 S.W.2d 249.

In Restatement of the Law of Torts, Vol. 4, p. 623, Sec. 922, it is said that in an action for conversion that:

"The amount of damages for the conversion of a chattel is diminished

\*　　\*　　\*　　\*　　\*　　\*

"(b) if the conversion was committed under a reasonable mistake of fact and the value of the chattel to the plaintiff is substantially unimpaired, by an offer to return it to the plaintiff or to one in

privity with him, promptly made after the offerer's discovery of the mistake and continuously kept open."

and under the comment on Clause (b) supra it is said:

"b. *Return to one entitled to possession.* Where a person converts goods in the possession of a bailee at will, the return of the goods undamaged to the bailee or to the bailor, or any settlement with either, diminishes or terminates the right of action of both."

In American Surety Co. v. Hill County, Tex.Civ.App., 254 S.W. 241, at page 249, affirmed, Tex.Com.App., 267 S.W. 265, the Court said:

"An amount which would place the injured party in the same position he would have occupied had no loss occurred is what is necessary to satisfy the demands of justice, and no rule for the measure of damages should be adopted that does not measure up to this requirement. If this general rule does not do so in the particular case under inquiry, the courts unhesitatingly have adopted a rule that would satisfy the requirement of full indemnity for the wrong done."

Carpenters and Painters did not sue for special damages but only for the alleged value of their membership certificates, and by their points, do not complain of the trial court's findings of good faith and mistake. Neither do they say that the value of the involved property is now or at any time since February 1, 1955, was less than its value on said date. They assert that the value of their membership certificates is to be determined by their proportionate share in the value of the involved property and do not say they have sustained a loss of revenues or the like. Then the result of the trial court's judgment places the membership certificates in the same status as to the involved property as they were in prior to the conveyance which is all that "is necessary to meet the demands of justice" and sustains the finding that:

"All parties to this cause and all members of the Austin Labor Temple Association of Austin, Texas are now in the same status obtaining before the 1st day of February, 1955, and none has suffered any injury, loss or damage in his rights as regards the property of the Austin Labor Temple Association of Austin, Texas."

We have considered Carpenters and Painters points as they are presented and because it is our opinion that error is not reflected we think it is not necessary for us to apply any definition of conversion to the facts here.

The judgment of the trial court is affirmed.

Affirmed.