George A. RAPP, Appellant,

v.

Thomas F. FELSENTHAL, Appellant.

No. 18615.

Court of Appeals of Texas, Fort Worth.

Feb. 11, 1982.

Garrett, Burkett & Akers, and Robert D. Akers, Fort Worth, for appellants; Hudson, Keltner, Smith, Cunningham & Payne, Fort Worth, of counsel.

Shannon, Gracey, Ratliff & Miller, and David E. Keltner, John H. Hudson, III, Fort Worth, for appellees.

Before MASSEY, C.J., SPURLOCK and HOLMAN, JJ.

## OPINION

HOLMAN, Justice.

This is a suit in which one shareholder (appellee) sued to recover funds withdrawn from the corporation by its other shareholder (appellant).

In a counterclaim, appellant asked that salary which the appellee had been paid as a corporate employee be returned to the corporation.

The court rendered judgment ordering appellant to return the withdrawn funds. His counterclaim was denied.

We affirm.

The corporation was organized by appellant in 1976 to operate a restaurant called "Endicott's Ore House." Appellant owned all of the capital stock issued.

On March 10, 1978, an agreement was made employing appellee to manage the restaurant for an annual salary of $20,000.00. The agreement was evidenced by a handwritten memo signed by both the appellant and appellee. Each is identified by his initials in the memo, and its entire text is as follows:

TF & GR Agreement
3/10/78

1.) Tom runs Ore House
2.) TF & GR split profits 50–50
3.) TF takes reasonable management salary before profits $20,000.00 per year until otherwise agreed.
4.) If the credit of GR is destroyed due to the Ore House venture, future ventures will be joint between GR & TF utilizing TF's credit in the same manner as the Ore House venture.

/s/ George Rapp
/s/ Tom Felsenthal

At the date of the memo, the corporation's directors were the appellant, a lawyer named John Gamboa, and a third person whose name is not in the record.

During the summer of 1978, Gamboa resigned from the board and was replaced by the appellee.

Result: the only directors of the corporation then became only appellant and the appellee.

In 1979, appellant transferred half of the corporation's capital stock to the appellee. There have been no other shareholders during the corporation's existence.

The dispute began in May or June, 1980, when appellant suggested that appellee's salary be discontinued. Appellee rejected the suggestion, relying upon the handwritten memo as a contract.

Appellant subsequently withdrew $24,240.51 from the corporation's bank account, being the amount of interest allegedly due on a promissory note owed by the restaurant to another company, T.A. Leasing, Inc., which was wholly owned by the appellant.

Appellant also made a lump sum withdrawal of $22,280.00 as his compensation for 1979.

The total withdrawn, $46,520.51, was deposited by appellant in an investment fund account in New York in the name of appellant and his wife.

In July, 1980, appellee sued to restrain and enjoin appellant from withdrawing cor-

poration funds for purposes not in the ordinary course of business.

Appellee also sought recovery of the money already withdrawn by appellant.

The matter was tried to the court, without a jury, and judgment was rendered (a) that appellee is entitled to an annual salary of $20,000.00 for managing the restaurant, until he either is discharged or his contract is changed by the board of directors; (b) ordering appellant to repay $32,715.85 to the corporation; (c) enjoining both appellant and appellee from withdrawing dividends and/or profits or money, except for the ordinary course of business, without prior approval by the board; (d) denying all relief sought by appellant; and (e) awarding costs and attorney fees to the appellee.

The court also filed findings of fact and conclusions of law.

■ Appellant's first two points of error complain of conclusion of law number one, which is:

"1. ORE HOUSE, INC., acting through GEORGE A. RAPP employed THOMAS F. FELSENTHAL as General Manager for $20,000.00 per year."

Tex.R.Civ.P. 301 requires a judgment of the court to conform to the pleadings and the nature of the case proved.

Appellant attacks appellee's pleadings for failure to state that the employment contract was the agreement of the corporation.

The transcript, however, contains no special exceptions to appellee's pleadings, and we must consider any defects in pleading as waived. Tex.R.Civ.P. 90; *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771 (Tex. 1978).

We also must consider issues not raised by the pleadings as having been tried by implied consent. Tex.R.Civ.P. 67.

In his first point, appellant also contends the appellee did not prove that the corporation contracted with the appellee.

Uncertain whether to construe this as a no evidence point or an insufficient evidence point, we have reviewed all of the evidence in the record.

The evidence is that when the March 10, 1978, memo was written, appellant was both the sole shareholder of the corporation and its president. He also was one of the three directors.

The evidence also shows that before the restaurant opened for business, the appellant and director Gamboa had discussed and sanctioned appellee's plan to leave his former employment (and $20,000.00 annual salary) to become the salaried manager of the restaurant.

The evidence reflects no challenge of appellee's salary status between his 1978 hiring date and the time in 1980, when the salary dispute arose. During that period, the corporation apparently accepted the benefits of appellee's managerial services without complaint.

■ We recognize that the ownership of stock shares does not vest the shareholder with legal title to property owned by the corporation. *Gossett v. State*, 417 S.W.2d 730 (Tex.Civ.App.—Eastland 1967, writ ref'd. n.r.e.)

Our courts, however, also have recognized that in the final analysis a corporation's shareholders are the *equitable* owners of its assets and may bind the corporation by a contract in which all of the shareholders join. *Forrest v. Guardian Loan & Trustee Co.*, 230 S.W.2d 273 (Tex.Civ.App.—El Paso 1950, no writ); *Norris v. Cox*, 131 S.W.2d 1028 (Tex.Civ.App.—El Paso 1939, writ dism. judg. corr.); *Boston & Texas Corporation v. Guarantee Life Ins. Co.*, 233 S.W. 1022 (Tex.Civ.App.—Galveston 1921 writ ref'd.); *United States & Mex. Trust Co. v. Delaware W. Const. Co.*, 112 S.W. 447 (Tex. Civ.App.1908, no writ).

■ We hold that on the facts of this case, appellant, as sole shareholder of the corporation, and who also was its president and a director, made a contract which is binding upon the corporation for the management of its affairs, even though execution of the contract was not authorized at a formal meeting of directors.

Appellant's three points of error are overruled.

Judgment of the trial court is affirmed.