The STATE of Texas, Appellant,

v.

Tony DeSANTIO, Appellee.

No. 08–94–00212–CR.

Court of Appeals of Texas,
El Paso.

May 25, 1995.

Rehearing Overruled June 28, 1995.

Jaime E. Esparza, Dist. Atty., El Paso, for State.

Joe E. Boaz, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and McCLURE, JJ.

## OPINION

LARSEN, Justice.

This is an appeal by the state from the trial court's order granting a writ of habeas corpus in favor of appellee. We reverse.

### PROCEDURAL HISTORY AND FACTUAL BACKGROUND

This case originates out of the operation of the "L & L Gentlemen's Club," a business located at 5813 E. Paisano in El Paso, El Paso County, Texas. Pursuant to Chapter 59 of the Texas Code of Criminal Procedure, the State of Texas seized the real property at 5813 E. Paisano (the "Property") in a civil forfeiture suit styled "The State of Texas v. Real Property Located at 5813 E. Paisano, El Paso, Texas 79925 with all Appurtenances and Improvements Thereon," Cause No. 93–8365. Specifically, the state alleged that Tony DeSantio a/k/a Robert McIntosh ("appellee") committed the offense of engaging in organized criminal activity/aggravated promotion of prostitution using the Property in furtherance of and to facilitate the commission of the offense. The 168th District Court of El Paso County rendered judgment of forfeiture on February 4, 1994.

The record reflects that prior to the forfeiture, IllTex, Inc. ("IllTex") owned the Property. A separate corporation, DeSantio Enterprises, Inc., ran the operations of the L & L Gentlemen's Club. Appellee is the sole shareholder and the president of both corporations. Subsequent to the civil forfeiture action, appellee was indicted in Cause No. 70739–243 for the offense of engaging in organized criminal activity/aggravated promotion of prostitution, a second degree felony. It is undisputed that the same conduct that resulted in the civil forfeiture also supports the indictment against appellee in this case. On July 26, 1994, appellee filed his Application for Writ of Habeas Corpus in the 171st District Court asserting that the civil forfeiture of the Property amounts to punishment for the indicted offenses. Relying on *United States v. Halper*, 490 U.S. 435, 109 S.Ct. 1892, 104 L.Ed.2d 487 (1989), and its progeny for the proposition that civil actions can be punitive for double jeopardy purposes, appellee asserted that double jeopardy bars his criminal prosecution in this case. Appellee argued that he would be subjected to multiple punishments for the same offense if his criminal prosecution continues for the same offenses that supported the forfeiture. The trial court held a hearing on appellee's application on August 4, 1994 and granted appellee relief on the same day. The state appealed from the trial court's order on August 16, 1994 pursuant to Tex.Code Crim. Proc.Ann. art. 44.01(a)(4) (Vernon Supp. 1995).

### DISCUSSION

The state alleges, on several grounds, that the civil forfeiture does not constitute "pun-

ishment" for double jeopardy purposes in this case. The Austin Court of Appeals called the concept of civil forfeiture constituting punishment for double jeopardy purposes a "murky area of law" producing apparently contradictory authority in both the federal and state courts of appeals. *Ex parte Tomlinson*, 886 S.W.2d 544, 546 (Tex.App.—Austin 1994, no pet.), *citing United States v. $405,089.23 U.S. Currency*, 33 F.3d 1210, 1220–21 (9th Cir.1994) (holding civil forfeiture is punishment barred by double jeopardy following criminal convictions for conspiracy and money laundering in connection with methamphetamine manufacturing operation); *United States v. Tilley*, 18 F.3d 295, 299–300 (5th Cir.1994) (holding forfeiture of drug proceeds is remedial and does not bar subsequent criminal prosecution for sale of drugs); *Fant v. State*, 881 S.W.2d 830 (Tex.App.—Houston [14th Dist.] 1994, pet. granted) (Texas forfeiture law is punitive and invokes double jeopardy protection); *Johnson v. State*, 882 S.W.2d 17 (Tex.App.—Houston [1st Dist.] 1994, pet. granted) (Texas forfeiture law is primarily remedial, and double jeopardy considerations are not implicated unless the forfeiture is "overwhelmingly disproportionate to the damages defendant caused"). We need not reach the issue at this time because this appeal is controlled by the fact that IllTex, not appellee, owned and forfeited the Property. Thus, IllTex, not appellee, suffered the punitive effect, if any, of this forfeiture.

**1. Appellee has not suffered punishment**

■ The double jeopardy clause of the United States Constitution provides that "[n]o person shall ... be subject for the same offense to be twice put in jeopardy of life or limb." U.S. CONST. amend. V. The double jeopardy clause protects against three distinct abuses: (1) a second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and (3) multiple punishments for the same offense. *Halper*, 490 U.S. at 440, 109 S.Ct. at 1897, 104 L.Ed.2d at 496; *Iglehart v. State*, 837 S.W.2d 122, 127 (Tex.Crim.App. 1992). Conceptually, the relevant provisions of both the United States and Texas Constitutions are identical. *Phillips v. State*, 787

S.W.2d 391, 393 n. 2 (Tex.Crim.App.1990). Both speak in terms of "no person" being twice put to jeopardy for the same offense. *See* U.S. CONST. amend. V; TEX. CONST. art. I, § 14.

■ The state does not dispute that the same offense supports both the civil forfeiture and the charges now facing appellee. The focus of this analysis, however, is on what person suffered punishment, if any, rather than on what offense resulted in the alleged punishment. A corporation is a legal entity separate from the persons who compose it. *See e.g. Castleberry v. Branscum*, 721 S.W.2d 270, 271 (Tex.1986); *Lucas v. Texas Indus., Inc.*, 696 S.W.2d 372, 374 (Tex. 1984); *Pierce v. Pierce*, 850 S.W.2d 675, 681 (Tex.App.—El Paso 1993, writ denied). Property owned by a corporation is property of the separate corporate entity and not that of the shareholders. *See e.g. Sun Towers, Inc. v. Heckler*, 725 F.2d 315, 331 (5th Cir.), *cert. denied*, 469 U.S. 823, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984); *Rapp v. Felsenthal*, 628 S.W.2d 258, 260 (Tex.App.—Fort Worth 1982, writ ref'd n.r.e.). There is no dispute in this case that IllTex held legal title to the Property. Pursuant to the foregoing authority, IllTex, not appellee, forfeited the Property. Even if the forfeiture in this case constitutes "punishment" for purposes of double jeopardy, IllTex, a legal entity separate and distinct from appellee, received that punishment. Thus, IllTex's forfeiture of the Property on the one hand and appellee's criminal prosecution on the other does not offend the double jeopardy prohibition against one person being twice subjected to punishment for the same offense.

**2. Appellee fails to pierce the corporate veil**

■ Appellee asserts only that he, "as the sole shareholder in IllTex Inc., was certainly a party punished by the civil sanction." Appellee cites no authority to support this assertion, nor does he offer any additional explanation. While appellee may have suffered monetary loss as an IllTex shareholder in the form of reduced value of his IllTex stock resulting from IllTex's loss of a substantial

asset, appellee did not forfeit anything. Interpreting appellee's assertion generously, we assume that appellee intends to pierce his own corporate veil on an alter ego theory, thus making all assets and liabilities of IllTex, Inc. personal assets and liabilities of appellee. Generally, alter ego is a basis in law used by opponents of the corporation to disregard the corporate fiction when there is such unity between a corporation and an individual that the separateness of the corporation has ceased and holding only the corporation liable would result in an injustice. *Leon Ltd. v. Albuquerque Commons Partnership,* 862 S.W.2d 693, 707 (Tex.App.—El Paso 1993, no writ), citing *Castleberry,* 721 S.W.2d at 272; *Mancorp, Inc. v. Culpepper,* 802 S.W.2d 226, 228 (Tex.1990).

Since appellee alleges that the forfeiture punished him because he is IllTex's sole shareholder, he must intend to claim that there is sufficient unity between himself and IllTex that the separateness of IllTex has ceased. Alter ego, however, is "shown from the total dealings of the corporation and the individual" including "the degree to which corporate formalities have been followed and corporate and individual property have been kept separately, the amount of financial interest, ownership and control the individual maintains over the corporation, and whether the corporation has been used for personal purposes." *Id.* The existence of one of the foregoing factors alone is not a sufficient basis for disregarding the corporate fiction. *Castleberry,* 721 S.W.2d at 276. The only evidence in the record supporting any of the foregoing factors is that appellee is the sole shareholder of IllTex. There is no evidence whatsoever to show that appellee failed to observe corporate formalities, failed to keep corporate and individual properties separate, or used the corporation for personal purposes. In fact, the record affirmatively establishes that appellee strenuously defended IllTex's corporate separateness throughout the forfeiture proceedings and never asserted his "reverse alter ego" theory until the habeas corpus hearing.

At the habeas corpus hearing, appellee introduced the statement of facts from the forfeiture hearing as Defendant's Exhibit One, and requested that the trial court take judicial notice of all pleadings filed in the forfeiture proceeding. Significantly, the judgment of forfeiture finds that IllTex owns and forfeits the Property. Defendant's Exhibit One and the other documents filed in the forfeiture proceeding reveal that appellee vigorously asserted that IllTex owned the Property in its capacity as a corporate entity separate from appellee. The state served notice of the forfeiture suit to IllTex, Inc. through appellee in his capacity as president, and to appellee individually, as potential owners of the Property pursuant to TEX.CODE CRIM.PROC.ANN. art. 59.04 (Vernon Supp. 1995). In its verified answer to the forfeiture suit, IllTex claimed an "innocent owner" defense asserting that it was the owner of the Property and it did not know of any of the acts giving rise to the forfeiture. IllTex further claimed that appellee had no individual interest in the Property. Appellee verified the answer in his capacity as president of IllTex. Appellee clearly had notice of the forfeiture proceedings and participated therein, yet the record does not reflect that appellee ever made an individual claim of interest in the Property beyond stating that he was a shareholder of the owner, IllTex.

The state twice filed pleadings attempting to obtain judgment against appellee as owner of the Property in his individual capacity. Each time, appellee filed responsive pleadings asserting that IllTex owned the Property and that appellee, individually, had no interest in the Property. At the forfeiture hearing, appellee testified several times that IllTex owned the Property and had owned it since 1984. Appellee testified that IllTex's only function was to lease properties it owned to other corporations affiliated with appellee. Appellee further testified that IllTex did not participate in running the business operations of the L & L Gentlemen's Club, rather, DeSantio Enterprises, Inc. owned and ran the business known as the L & L Gentlemen's Club. Appellee's testimony at the forfeiture hearing and the pleadings filed therein are consistent with IllTex's "innocent owner" defense to the forfeiture.

Thus, the record from the forfeiture hearing establishes that appellee consistently

took the position throughout the proceeding that IllTex is a separate legal entity. Appellee's clear intent was to shield a substantial asset from forfeiture using the separate and allegedly innocent entity, IllTex, to do so. That effort failed, most likely because as IllTex's president, any knowledge appellee had of the activities at the L & L Gentlemen's Club is imputed to IllTex. *See Continental Oil Co. v. Bonanza Corp.*, 706 F.2d 1365 (5th Cir.1983) (corporation must operate through individuals and knowledge of individuals at a certain level of responsibility must be deemed knowledge of the corporation); *see also City of Fort Worth v. Pippen*, 439 S.W.2d 660 (Tex.1969) (knowledge of corporate vice-president bound corporation). Now, because he wishes to avoid prosecution, appellee attempts to argue that this Court should disregard the corporate form simply because appellee is the sole shareholder. A mere showing that appellee is the sole shareholder of IllTex, particularly in the face of the abundant evidence in this record that appellee respected IllTex's corporate form up until the time he filed his application for writ of habeas corpus, is not enough to disregard IllTex as a separate entity. *See Castleberry*, 721 S.W.2d at 276; *Leon Ltd.*, 862 S.W.2d at 707.

The burden is on the defendant to provide a record sufficient to show prior jeopardy. *Wockenfuss v. State*, 521 S.W.2d 630, 631 (Tex.Crim.App.1975). Appellee failed to provide a record sufficient to show that he is the alter ego of IllTex. In turn, appellee failed to show that the punitive effect, if any, of the forfeiture is applicable to appellee personally.

### CONCLUSION

We find that IllTex, Inc. owned the forfeited Property. IllTex, Inc. is an entity separate from appellee. Appellee has not presented evidence sufficient to disregard IllTex's corporate form. The forfeiture, even if it rises to the level of "punishment," punished IllTex, Inc., not appellee. Thus, continued prosecution does not expose appellee to double jeopardy in the form of multiple punishments for the same offense. Accordingly, we reverse the trial court's order granting appellee's writ of habeas corpus.